If the decision of the justice was correct it will follow, that if half of the twenty cows had died in the middle of the season, the defendant would still have been bound to receive and pay for the butter of the remaining ten. I think the decision is in direct conflict with the terms of the contract of the parties. The plaintiff's undertaking was that he would keep twenty cows or more during the season; not that he would stock his farm with twenty cows at the commencement of the season. The contract related to the making of butter from the milk of the cows so kept, and the covenants are to be interpreted with reference to the purpose for which the cows were to be kept. I do not think that the plaintiff could have satisfied the requirements of the contract by putting on twenty cows, ten of which were dry, and for the same reason I do not think that the risk of the drying up of the cows during the season was upon the defendant. This latter question is, however, *Page 34 
hardly involved in the case, for the plaintiff parted with the cows before they were actually dried up. It is true that the milk which was afterwards procured from them was of small amount, but upon a question of the performance of a condition precedent small matters are of consequence. The performance must be exact, notcy pres. Besides, if the law says that six quarts of milk every other day for six or eight days, are not enough to be regarded upon such a question, I am considerably at a loss to know, where in the law is to be found the precise measure of milk which a cow may yield, and yet under such a contract be disposed of without a violation of it. Another consideration seems to me to strengthen this view of the contract; the plaintiff was not bound to keep the same cows during the whole season, on the contrary, he was at liberty to change them at his pleasure, and according to his own views of his own interest. All the defendant stipulates for, is the butter from the milk of twenty cows during the season. Now if the risk of the drying up of the cows is on the defendant, it would attach from time to time to each cow the plaintiff might choose to substitute for those with which he originally stocked his farm. That such a consequence is involved in the construction put upon the contract at the trial, seems to me to show it to be an unreasonable construction, and one which ought not to be sustained. The obligation of the plaintiff under this contract was, as I conceive, to keep at least twenty cows yielding milk during the dairying season, and as he has failed to comply with this obligation, he should, in my opinion, have been nonsuited.
GARDINER, Ch. J., RUGGLES, PARKER and EDWARDS, Js. concurred.
DENIO, J. was in favor of affirming the judgment of the supreme court, on the ground that the defendant, by his letter of the 26th of October, written near the close of the dairy season, gave the plaintiff explicit and peremptory directions what to do with the butter made under the contract, and thereby waived performance of the condition precedent. That in the absence *Page 35 
of proof to the contrary, it should be presumed he was informed of the true state of facts when he gave these directions, especially as in his letter he acknowledged the receipt of one from the plaintiff on the subject of the butter, which was not given in evidence.
Judgment reversed and a new trial ordered.